## TESSITORE v. UNITED STATES.*

### No. 6631.

Circuit Court of Appeals, Fifth Circuit.

April 29, 1933.

Clarence J. Dowling, of New Orleans, La., for appellant.

*Rehearing denied June 9, 1933.

Edmond E. Talbot, U. S. Atty., and William H. Norman, Asst. U. S. Atty., both of New Orleans, La., for the United States.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

Appellant was convicted of the unlawful possession and sale of intoxicating liquor. His only assignment of error is that the trial court erred in refusing to suppress evidence which disclosed the seizure of two gallon jugs of liquor which were discovered upon a search of his automobile. A prohibition agent arranged with an informer to order the liquor in question from appellant by telephone. The informer testified that in the presence of the agent, he telephoned to appellant to deliver at a given address two gallons of liquor, and that appellant accepted the order and agreed to deliver the liquor promptly; that acting for the same agent he had made a similar purchase a few days before and had it delivered to the same address. In his testimony the informer was corroborated by the agent. Shortly after the alleged telephone conversation appellant came out of his place of business, drove in his automobile to his home, got two packages, and then proceeded with them in his automobile in the direction of the address which the informer says he gave him. The agent had no search warrant, but followed appellant and arrested him before he had reached his destination. Appellant denied the telephone conversation, and claimed that at the time his telephone was out of order. A card from the office of the telephone company tended to corroborate appellant, there being upon it an entry in pencil that the telephone was reported out of order before the alleged order for the liquor in question was given, and was not repaired until two days later. But the original entry apparently had been erased and the one that now appears on the card had been substituted. At any rate the agent had probable and reasonable cause to believe, because of the information that a sale had been made to the informer by appellant a few days before and of his own knowledge of what he saw, that appellant was engaged in the unlawful sale and transportation of liquor. He therefore had the right to search the automobile without a search warrant. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

The judgment is affirmed.